[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12201

_____

D.C. Docket No. 3:09-cv-00058-HLA

CONNIE RAY ISRAEL,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 19, 2013)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

WILSON, Circuit Judge:

Connie Ray Israel, a death row inmate, appeals the district court's dismissal of his 28 U.S.C. §2254 petition for a writ of habeas corpus on the grounds of ineffective assistance of counsel. After denying his petition, the district court granted a certificate of appealability on the sole issue of whether Israel's counsel was ineffective during the penalty phase of Israel's trial. Specifically, Israel's attorney failed to file a sentencing memorandum on possible mitigating circumstances, despite the sentencing judge's request that he do so. Having reviewed the record and the briefs, and with the benefit of oral argument, we affirm the district court's judgment denying Israel habeas relief.

## I.  BACKGROUND

### A.  Factual Background

On the morning of December 27, 1991, Putnam County police responded to a call from a concerned neighbor of Esther Hagans. When the police entered Hagans's bedroom, they found the 77-year-old woman deceased on her bed. She had been sexually assaulted and brutally beaten on her head, causing major brain hemorrhaging. The medical examiner later concluded that the stress and shock of the attack caused Hagans's already weak heart to give out. Semen stains from the scene matched Israel's DNA.

2

## B. Procedural Background

On March 1, 1999, a Florida jury convicted Israel of burglary of a dwelling with a battery, kidnaping, sexual battery with great force, and first-degree murder. Florida's statutory scheme requires two sentencing hearings after the verdict in capital cases: one in front of the judge and jury, and a second in front of the judgeonly , known as a *Spencer* hearing.  *See* Fla. Stat. § 921.141(1); *see generally Spencer v. State*, 615 So. 2d 688 (Fla. 1993) (per curiam).[1] In both hearings, the prosecution and the defense present evidence of aggravating circumstances and mitigating circumstances, both statutory and nonstatutory.[2]

Evidence of Israel's mitigating circumstances came primarily from the testimony of Dr. Harry Krop, a clinical psychologist.  In addition to two statutory mitigators, Dr. Krop's testimony sought to establish evidence of drug abuse, brain

---

[1] A *Spencer* hearing occurs after the jury has recommended a sentence but before the judge imposes one.  The purpose of a *Spencer* hearing is to:

> a) give the defendant, his counsel, and the State, an opportunity to be heard; b) afford, if appropriate, both the State and the defendant an opportunity to present additional evidence; c) allow both sides to comment on or rebut information in any presentence or medical report; and d) afford the defendant an opportunity to be heard in person.

*Spencer*, 615 So.2d at 691.

[2] Sections 921.141(5) and (6) of the Florida Statutes provide lists of the aggravating and mitigating circumstances to be considered by the court.  Section 921.141(6)(h) includes "[t]he existence of any other factors" that would mitigate, commonly referred to as "nonstatutory mitigators."

3

damage, and low intellectual functioning as nonstatutory mitigating circumstances. After the first sentencing hearing, the jury recommended death by a vote of 11 to 1. On May 14, 1999, the trial court held the *Spencer* hearing.

Prior to the *Spencer* hearing, the state's attorney had submitted a sentencing memorandum to the court, arguing that the aggravating factors in Israel's case justified a sentence of death. During the hearing, the court asked Clyde Wolfe, defense counsel, if he intended to submit a memorandum:

| THE COURT: | Are you intending to submit [a memorandum] as well, Mr. Wolfe? |
| MR. WOLFE: | If I had to, it would be no later than Friday of next week. |
| THE COURT: | Why don't I give you leave to do that. I'm not sure I have—I haven't read a memorandum yet, but I was about to ask that Counsel provide me with your memoranda, your analysis of aggravating and mitigating factors. |

Wolfe never filed a sentencing memorandum. Nor did he argue for life imprisonment during the *Spencer* hearing.

On May 28, 1999, the trial court sentenced Israel to death, finding four aggravating circumstances: (1) Israel was previously convicted of another capital felony or of a felony involving the use or threat of use of violence to a person; (2) the crime was especially heinous, atrocious or cruel; (3) the crime was committed

4

while the defendant was engaged in the commission of a sexual battery, burglary, and kidnaping; and 4) the capital felony was committed for pecuniary gain.

The court also assigned some weight to two statutory mitigating circumstances: (1) Israel was under the influence of an extreme mental or emotional disturbance at the time the crime occurred; and (2) the capacity of Israel to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was substantially impaired. Although the court expressly considered the nonstatutory mitigating circumstances, it assigned them no weight.

After an unsuccessful direct review of his conviction and sentence, Israel began state postconviction proceedings. His amended Florida Rule of Criminal Procedure 3.851 motion contained sixteen claims, among them the present issue on appeal: whether Israel was denied effective assistance of counsel during the sentencing phase. The state trial court denied the motion. On March 20, 2008, the Supreme Court of Florida affirmed the trial court's denial and simultaneously denied Israel's state habeas corpus petition. With regard to Wolfe's failure to file a sentencing memorandum, the court found no constitutional violation:

> [W]hile counsel's failure in this regard may have been deficient, we do not find that Israel was prejudiced by counsel's conduct. The sentencing order indicates that the court considered all of the evidence presented during the various proceedings. Further, the postconviction order notes that the court "heard and considered testimony presented at various stages of the proceedings going to non-statutory mitigators,

5

including Mr. Israel's drug abuse, brain damage, low intellectual functioning as well as Mr. Israel's character, background, record and other circumstances surrounding the offense," but "[chose] to assign no weight to non-statutory mitigating circumstances." The court independently weigh[ed] the mitigating and aggravating factors in determining whether to impose the death penalty." Thus, counsel's failure to file a sentencing memorandum did not result in prejudice to Israel.

*See Israel v. State*, 985 So. 2d 510, 518 (Fla. 2008) (per curiam) (alterations in original). A rehearing was denied and the mandate issued on July 14, 2008. Israel then began federal habeas proceedings.

On March 27, 2012, the Middle District of Florida denied Israel's 28 U.S.C. § 2254 petition for a writ of habeas corpus. Although the district court found that Wolfe performed deficiently when he failed to file the sentencing memorandum, it concluded that this deficiency did not prejudice Israel. More precisely, the district court found that the Supreme Court of Florida's application of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), was neither contrary to, nor an unreasonable application of, federal law. The district court emphasized that the sentencing court had the benefit of "hearing the [mitigating] evidence presented at both the guilt and penalty phases and heard argument." The sentencing court, as was its prerogative, had "simply elected not to assign weight to the nonstatutory mitigating circumstances." The district court granted a certificate of appealability on the *Strickland* claim, and this appeal followed.

6

## II.  STANDARD OF REVIEW

We review de novo the district court's denial of a habeas corpus petition, but accord deference to the state court's decision on the merits of a claim.  *Davis v. Jones*, 506 F.3d 1325, 1331 (11th Cir. 2007).

Israel's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "which establishes a highly deferential standard for reviewing state court judgments."  *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005) (internal quotation marks omitted); *see* 28 U.S.C. § 2254(d)(1).  Under AEDPA, a federal court may not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## III. DISCUSSION

The touchstone for judging a *Strickland* claim is whether counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland*, 466 U.S.

7

at 686, 104 S. Ct. at 2064.   A *Strickland* claim has two prongs: deficient performance and prejudice, and a defendant must prove both to be successful.  *See id.* at 687, 104 S. Ct. at 2064.  Because both parts of the test must be satisfied, an insufficient showing on one part will settle the dispute.  *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

To prove deficient performance, the defendant must show that his counsel made an error so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment.  *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694, 104 S. Ct. at 2068.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

We agree with the district court that Wolfe's performance was deficient. Appellee correctly notes that the Florida courts never determined whether Wolfe's errors rose to the level of a *Strickland* deficiency; the state courts merely assumed a *Strickland* deficiency and dismissed on *Strickland*'s prejudice prong.  Appellee contends that Wolfe's failure to file a sentencing memorandum was deficient only if state law required him to file the document.  We cannot agree.  True, a *Spencer*

8

hearing is a flexible, often informal procedure, but the *Strickland* standard is not a rigid application of "mechanical rules." *Id.* at 696, 104 S. Ct. at 2069. Instead, the question is whether counsel made an objectively reasonable choice. *See Cummings v. Sec'y for Dep't of Corrs.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (internal quotation marks omitted). It is certainly an unreasonable choice—when the life of one's client is on the line—to ignore the sentencing judge's request for a memorandum on mitigating circumstances.

Nevertheless, we also agree with the district court that the Supreme Court of Florida reasonably concluded that Wolfe's negligently missed opportunity to reiterate what the trial court already knew was not prejudicial under *Strickland*. In other words, we conclude that the Supreme Court of Florida did not unreasonably apply *Strickland*'s prejudice prong. *See Borden v. Allen*, 646 F.3d 785, 831 (11th Cir. 2011) (internal quotation marks omitted), *cert. denied*, 132 S. Ct. 1910 (2012). Israel is unable to point to any post-conviction evidence—or, for that matter, a hypothetically persuasive construction of Dr. Krop's testimony—that might have found its way into Wolfe's unwritten memorandum and changed the outcome of Israel's sentence. Thus, there is no indication that Israel's sentencing was fundamentally unfair, or that its end result is unreliable. *See Lockhart v. Fretwell*,

9

506 U.S. 364, 372, 113 S. Ct. 838, 844 (1993); *see also Jefferson v. Fountain*, 382

F.3d 1286, 1298 (11th Cir. 2004).

In light of the foregoing, we affirm the district court's denial of Israel's

petition for habeas corpus relief.

**AFFIRMED**.

10